### LOEB et al. v. McCAUGHN, Collector.

District Court, E. D. Pennsylvania. July 26, 1927.

No. 12348.

Internal revenue ☞8(14)—Executors, in return for estate tax, properly deducted cost of monument, though not at that time paid out (Revenue Act 1921, § 403, subd. 1 [Comp. St. § 6336¾d]).

Executors, in their return for estate tax, *held* to have properly deducted from the gross value of the estate the cost of a monument for deceased as a part of funeral expenses, under Revenue Act 1921, § 403, subd. 1 (Comp. St. § 6336¾d), though when the return was made the amount, though known, had not been paid out, but was paid afterward, where the allowance would have been made on their accounting under the law of the state.

At Law. Action by Adolf Loeb and Sidney L. Krauss, executors of the estate of Karl Straus, deceased, against Blakeley D. McCaughn, Collector of Internal Revenue. See trial hearing to the court without a jury. Judgment for plaintiffs.

Carr & Krauss, of Philadelphia, Pa., for plaintiffs.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The conclusion reached in this case is that the plaintiff should have judgment for the sum claimed.

#### Discussion.

This action is brought to recover a sum of money paid under protest as a tax assessment. The sole question is the lawfulness of the exaction of the tax. The plaintiffs are the executors of Karl Straus, deceased. By his will the executors were directed to place a suitable memorial to him over his grave. The sum to be expended for this purpose was left wholly to their discretion. The usual return for taxation purposes was made, and the tax assessed thereon, in the sum of $20,504.27, which was paid. This return was made November 20, 1921, and on April 3, 1923, the collector gave notice that an additional tax had been assessed on the basis of a reappraisement of the assets of the estate, and the further fact that the sum deducted in the return for the erection of a mausoleum had not been paid at the time the return was filed. The additional tax on the reappraisement basis was paid, with the protested payment of that part of the tax which was based upon a denial of the funeral expenditures, to which reference has been made.

The decedent was of the Jewish faith. There is a practice or custom, which has with people of that faith the force of an obligation, that the space of one year should be allowed to elapse between the date of death and the time of the erection of any memorial structure. When the return was made, there had in consequence been no actual expenditure. There was, however, afterwards, and the reasonableness of the sum is not in controversy.

The defense rests upon the negative answer to the question of whether an expenditure not made at the time of the return is one of the deductions which is allowed under section 403 (1) of the Revenue Act of 1921 (Comp. St. § 6336¾d). In effect the statute allows a deduction whenever it is such a charge as would be allowed under the law of the jurisdiction in which the estate is being administered. The question, therefore, becomes whether or not the executors in this estate would have been allowed under the law of Pennsylvania a credit for an expenditure made by them for the purpose indicated.

The learned United States attorney, as we understand, does not deny the proposition thus indicated, but asserts here that the actual expenditure was made, not by the executors, but by members of the decedent's family, and on this distinction the real defense is founded.

In support of it there is cited to us the case of Briscoe v. Craig, decided June 20, 1927, and not yet reported. That case turned, as we read it, upon a somewhat similar distinction. Under the law of the state a widow had certain rights against the estate of a deceased husband, but she was required to assert her rights in a certain way and within a certain time. Instead of this method being pursued, the interested parties by agreement gave and the widow accepted a round sum of $75,000, in addition to some or all of the provisions made for her in the will, in full of her dower or other rights, and this sum the executors sought to deduct from the gross value of the estate for tax purposes.

The question involved would appear to have been twice ruled. It arose first upon what was held to be demurrer to the plaintiff's statement of claim, and the demurrer was overruled. It afterwards came up at a trial hearing to the court without a jury, at which the ruling was against the plaintiff on the same state of facts to which the demurrer applied. The trial ruling was made on the ground that the $75,000 was a sum which represented a voluntary payment made under an agreement which affected only those who

were parties to it, and was not a sum which was payable under the laws of the state concerned.

We do not see that the principle of this ruling has any application to the instant case. Here the question is one of fact, and the fact finding is made that the expenditures here were made by the executors, and were part of the reasonable interment expenses of the testator decedent. It is true that in deference to the custom referred to, and hence the religious sensibilities of the parties, the expenditure was not actually made until after the expiration of the year; but it was made, and had already been made, before the assessment of this tax. The distinction between an expenditure made by the executors and one made by the family is more formal than real. The executors supplied the money, and exercised the judgment and discretion committed to them by the testator. It is true they gave the money to be paid to the temporary custody of the distributees of the estate, until the expenditure was actually made; but we think that the payment was none the less made by the executors, and was one for which under the laws of Pennsylvania they would be allowed a credit in the account which they might have been called upon to file.

A formal judgment may be entered in accordance with the finding made and the conclusion first above stated, the parties agreeing, as we assume they will be able to agree, upon the sum for which the judgment is to be entered. Failing this, the sum will be determined by the court; jurisdiction of the cause being retained for this purpose.